Seth M. Lehrman (178303)
seth@epllc.com
**EDWARDS POTTINGER LLC**
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: 954-524-2820
Facsimile:  954-524-2822

Joshua H. Eggnatz (Fla. Bar No.: 0067926)
JEggnatz@JusticeEarned.com
**EGGNATZ | PASCUCCI**
7450 Griffin Road., Suite 230
Davie, FL 33314
Telephone: (954) 889-3359
Facsimile: (954) 889-5913
*(pro hac vice forthcoming)*

Jordan Richards (Fla. Bar No. 108372)
Jordan@jordanrichardspllc.com
**JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*(pro hac vice forthcoming)*

Attorney for Plaintiff
Matthew Riveles

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATTHEW RIVELES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPIRALEDGE, INC. D/B/A/ WWW.SWIMOUTLET.COM and LINC GLOBAL, INC.,<br><br>Defendant. | CASE NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Matthew Riveles (hereinafter "Plaintiff"), brings this class action under Rule 23 of the Federal Rules of Civil Procedure against SPIRALEDGE, INC.

-1-

1  D/BA/ WWW.SWIMOUTLET.COM ("Swimoutlet") and LINC GLOBAL, INC.

2  ("Linc") (collectively "Defendants") for their violations of the Telephone Consumer

3  Protection Act, 47 U.S.C. § 227 (hereinafter "the TCPA"), and the regulations

4  promulgated thereunder.  In support, Plaintiff alleges as follows:

5  ## PRELIMINARY STATEMENT

6      1.    Plaintiff brings this Class Action Complaint for damages, injunctive relief,

7  and any other available legal or equitable remedies, resulting from the illegal actions

8  of Defendants in negligently or willfully contacting Plaintiff on Plaintiff's cellular

9  telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227

10  ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon

11  personal knowledge as to himself and his own acts and experiences, and, as to all

12  other matters, upon information and belief, including investigation conducted by his

13  attorneys.

14      2.    "Month after month, unwanted robocalls and texts, both telemarketing and

15  informational, top the list of consumer complaints received by the [FCC]."[1]  The

16  TCPA is designed to protect consumer privacy by, among other things, prohibiting

17  the making of autodialed or prerecorded-voice calls to cell phone numbers and

18  failing to institute appropriate do-not-call procedures. 47 U.S.C. § 227(b)(1)(A)(iii);

19  47 C.F.R. § 64.1200(d).

20      3.    The TCPA was designed to prevent calls like the ones described within

21  this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous

22  consumer complaints about abuses of telephone technology – for example,

23  computerized calls dispatched to private homes – prompted Congress to pass the

24  TCPA." *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 744 (2012).

25      4.    Additionally, the FCC has explicitly stated that the TCPA's prohibition on

26  automatic telephone dialing systems "encompasses both voice calls and text calls to

27  wireless numbers including, for example, short message service (SMS) calls."

28

---

[1]    *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, ¶ 1 (2015).

U.S.C.A. Const. Amend. 5; Telephone Consumer Protection Act of 1991, § 3(a), 47 U.S.C. § 227(b)(1)(A)(iii). *Kramer v. Autobytel, Inc.,* 759 F. Supp. 2d 1165 (N.D. Cal. 2010).

5.    In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.  TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6.    In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

## **JURISDICTION AND VENUE**

7.    This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

8.    Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District, including Defendants' transmission of the unlawful and unwanted calls to Plaintiff which emanated from this District.

9.   The Court has personal jurisdiction over Defendants because they conduct business in this state, maintain principle places of business in this state, market their services within this state, and have availed themselves to the jurisdiction of this state by placing calls to Plaintiff and Class Members from this state.

## PARTIES

10.  Plaintiff's domicile is in New York.

11.  Defendant, Swimoutlet is a Delaware Profit Corporation and citizen of the state of California, listing its principal address at 1919 South Bascom Avenue, Suite 300, Campbell, CA 95008. Swimoulet's registered agent in the state of California is listed as Timothy A. Schalack, at 1919 South Bascom Avenue, Suite 300, Campbell, CA 95008.

12.  Defendant, Linc is a Delaware Profit Corporation and citizen of the state of California, listing its principal address at 100 Mathilda PL, Suite 150, Sunnyvale, CA 94086. 17 Corporate Plaza, Newport Beach, CA 92660. Linc's registered agent in the state of California is listed as Fang Cheng, at 945 Valencia Ave, Mountain View, CA 94040.

13.  Swimoutlet is an online retailer that promotes and markets its services by, in part, sending unsolicited text message advertisements to wireless telephone users in violation of the TPCA.

14.  Linc is the marketing company who sent the unlawful text message advertisements on behalf of Swimoutlet. At all times material, Linc was an actual or apparent agent of Swimoutlet, was acting at the direction of and/or with the authority of Swimoutlet, and/or Swimoutlet otherwise ratified PosIQ's conduct.

15.  Defendants, directly, individual, jointly, and/or in concert with each other, or through other persons, entities or agents acting on their behalf, conspired to, agreed to, contributed to, authorized, assisted with, ratified, and/or otherwise caused all of the wrongful acts and omissions, including the dissemination of the unsolicited text messages that are the subject matter of this Complaint.

## FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiff, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

17. Defendants are citizens of the State of California, and at all times mentioned herein were corporations and "persons," as defined by 47 U.S.C. § 153(39).

18. At all times relevant Defendants conducted business in the State of California, within this judicial district.

19. On November 24, 2019, at approximately 4:03 a.m. (UTC), Plaintiff placed an order on Swimoutlet's website, www.swimoutlet.com.

20. When placing his order, Plaintiff elected the option to receive shipping notification and updates regarding his order.

21. The text message confirming that Plaintiff signed up to receive shipping notifications is below:



22. Linc's Post Purchase Solutions service for tracking and tracing orders and returns was used to obtain and trap Plaintiff's cellular telephone number. *See* https://www.letslinc.com/linc-solutions-post-purchase/ (last visited June 25, 2020).

23.  Based upon information and belief, when signing up to receive shipping notifications, Defendants did not provide express or adequate consent, or obtain permission, to send Plaintiff future promotional text advertisements using an Automatic Telephone Dialing System. Likewise, Defendants did not disclose to Plaintiff that receiving future promotional text advertisements using an Automatic Telephone Dialing System was not required as condition for his purchase or to receive shipping updates regarding his order.

24.  After obtaining Plaintiff's cellular telephone number for the purpose of sending him updates regarding his order, Defendants then used Plaintiff's cellular telephone number to send him unwanted and unconsented to text advertisements, thus exceeding the scope of the consent that Plaintiff provided.

25.  Defendants utilize automated telemarketing text messages to market and advertise Defendant's business and services, including at least twenty-five (25) messages to Plaintiff, from on or about November 29, 2019 to February 20, 2020. Some of the text advertisements are depicted below for demonstrative purposes:



CLASS ACTION COMPLAINT





CLASS ACTION COMPLAINT













26.   The text messages were transmitted to Plaintiff's 9584 Number, and within the time period that is relevant to this action.

27.   At no time did Plaintiff provide Plaintiff's cellular number to Defendants for the purpose of receiving future promotional text advertisements using an Automatic Telephone Dialing System, nor did Plaintiff consent to receive such unsolicited text messages.

28.  Plaintiff is the subscriber and sole user of the 9584 Number and is financially responsible for phone service to the 9584 Number, including the cellular costs and data usage incurred as a result of the unlawful text messages made to Plaintiff by Defendants.

29.   Through the unsolicited messages, Defendants contacted Plaintiff on Plaintiff's cellular telephone regarding an unsolicited service via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).

30. Upon information and belief, this ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

31. Upon information and belief, this ATDS has the capacity to store numbers and to dial numbers without human intervention.

32. Upon information and belief, Defendants used a combination of hardware and software systems which have the capacity to generate or store random or sequential numbers or to dial sequentially or randomly in an automated fashion without human intervention.

33. The impersonal and generic nature of the text messages that Defendants sent to Plaintiff further demonstrates that Defendants used an ATDS to send the subject messages.

34. The content of the text messages made to Plaintiff and the Class Members show that they were for the purpose of marketing, advertising, and promoting Defendants' business and services to Plaintiff as part of an overall telemarketing strategy.

35. These messages were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

36. Plaintiff did not provide Defendants or their agents prior express consent to receive these messages to his cellular telephone; therefore, the unsolicited messages violated 47 U.S.C. § 227(b)(1)

37. Defendants are and were aware that they are transmitting unsolicited telemarketing text messages to Plaintiff and other consumers without their prior express consent.

38. Plaintiff was damaged by Defendants' messages. In addition to using Plaintiff's residential cellular data, phone storage, and battery life, his privacy was wrongfully invaded, his seclusion was intruded upon, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated,

unwanted messages, forcing him to divert attention away from his work and other activities. Not only did the receipt of the text messages distract Plaintiff away from his personal activities, Plaintiff was forced to spend time investigating the calls. *See Muransky v. Godiva Chocolatier, Inc.,* 905 F.3d 1200, 1211 (11th Cir. 2018). ("[T]ime wasting is an injury in fact"…. "[A] small injury… is enough for standing purposes").

## CLASS ACTION ALLEGATIONS

39.  Plaintiff brings this class action under Rule 23(a),(b)(2), and(b)(3) of the Federal Rules of Civil Procedure on behalf of herself and of a similarly situated "Class" or "Class Members" defined as:

> **No Consent Class:**  All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message by Defendants or anyone on Defendants' behalf, to said person's cellular telephone number, advertising Defendant's services, without the recipients prior express consent, using the same equipment used to call Plaintiff's cellular telephone, in violation of the TCPA.

> **Do Not Call Registry Class:** All people in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendants; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling or promoting Defendants' products and services; and (5) for whom Defendants claim (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendants claim it supposedly obtained prior express written consent to call the Plaintiff.

40.  Excluded from the Class are Defendants, and any subsidiary or affiliate of Defendants, and the directors, officers and employees of Defendants or their subsidiaries or affiliates, and members of the federal judiciary.

41.  This action has been brought and may properly be maintained as a class action against Defendants pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and

-13-

the proposed Class is easily ascertainable. Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that any Class should be expanded or otherwise modified.

42. **Numerosity**: At this time, Plaintiff does not know the exact number of Class Members, but among other things, given the nature of the claims and that Defendant's conduct consisted of standardized SPAM campaign calls placed to cellular telephone numbers, Plaintiff believes, at a minimum, there are greater than forty (40) Class Members.  Plaintiff believes that the Class is so numerous that joinder of all members of the Class is impracticable and the disposition of their claims in a class action rather than incremental individual actions will benefit the Parties and the Court by eliminating the possibility of inconsistent or varying adjudications of individual actions.

43. Upon information and belief, a more precise Class size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's calls and marketing records.

44. Members of the Class may additionally or alternatively be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

45. **Existence and Predominance of Common Questions of Fact and Law**: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class. Common questions of law and/or fact exist as to all members of the Class and predominate over the questions affecting individual Class members. These common legal and/or factual questions include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendants or their agents called (other than a message made for

-14-

emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing to any telephone number assigned to a cellular phone service;

b. How Defendants obtained the numbers of Plaintiff and Class members;

c. Whether the dialing system used to call is an Automatic Telephone Dialing System;

d. Whether Defendants engaged in telemarketing when they sent the text messages which are the subject of this lawsuit;

e. Whether the calls made to Plaintiff and Class Members violate the TCPA and its regulations;

f. Whether Defendants willfully or knowingly violated the TCPA or the rules prescribed under it;

g. Whether Plaintiff and the members of the Class are entitled to statutory damages, treble damages, and attorney fees and costs for Defendants' acts and conduct;

h. Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendants from continuing to engage in its unlawful conduct; and

i. Whether Plaintiff and the Class are entitled to any other relief.

46. One or more questions or issues of law and/or fact regarding Defendants' liability are common to all Class Members and predominate over any individual issues that may exist and may serve as a basis for class certification under Rule 23(c)(4).

47. **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same course of conduct that violates the TCPA.

-15-

48.   Plaintiff and members of the Class each received at least one telephone call, advertising the Defendants' products or services, which Defendants placed or caused to be placed to Plaintiff and the members of the Class.

49.   **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel competent and experienced in litigation in the federal courts, TCPA litigation, and class action litigation.

50.   **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendants by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

51.   **Class-Wide Injunctive Relief and Rule 23(b)(2):** Moreover, as an alternative to or in addition to certification of the Class under Rule 23(b)(3), class

certification is warranted under Rule 23(b)(2) because Defendants have acted on grounds generally applicable to Plaintiff and members of Class, thereby making appropriate final injunctive relief with respect to Plaintiff and Class Members as a whole.  Plaintiff seeks injunctive relief on behalf of Class Members on grounds generally applicable to the entire Class in order to enjoin and prevent Defendants' ongoing violations of the TCPA, and to order Defendant to provide notice to them of their rights under the TCPA to statutory damages and to be free from unwanted calls.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(b)
### (Against Swimoutlet)

52.  Plaintiff incorporates by reference all of the allegations contained in all of the above paragraphs 1 through 51 of this Complaint as though fully stated herein.

53.  It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system. . .to any telephone number assigned to a . . . cellular telephone service . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

54.  Automatic telephone dialing system refers to "equipment which has the capacity---(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

55.  Defendant—or third parties directed by Defendant—used equipment having the capacity to randomly or sequentially generate telephone numbers and to dial such numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class defined above.

56.  These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact,

-17-

Defendant did not have prior express consent to call the cellular phones of Plaintiff and the other members of the putative Class when its calls were made.

57.   Defendant has, therefore, violated Section 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cellular phones of Plaintiff and the other members of the putative Class without their prior express written consent.

58.   The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227.

59.   As a result of Defendant's negligent violations of 47 U.S.C. § 227, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

60.   At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

61.   Defendant knew that it did not have prior express consent to make these calls and knew or should have known that its conduct violated the TCPA.

62.   Because Defendant knew or should have known that Plaintiff and Class Members did not give prior express consent to receive autodialed calls, the Court should treble the amount of statutory damages available to Plaintiff and members of the Putative Class pursuant to Section 227(b)(3)(C).

63.   As a result of Defendant knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

64.   Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against Defendant, Swimoutlet, individually and jointly, as set forth in the Prayer for Relief below.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)
## (Against Linc)

65.   Plaintiff incorporates by reference all of the allegations contained in all of the above paragraphs 1 through 51 of this Complaint as though fully stated herein.

66.   It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system. . .to any telephone number assigned to a . . . cellular telephone service . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

67.   Automatic telephone dialing system refers to "equipment which has the capacity---(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

68.   Defendant—or third parties directed by Defendant—used equipment having the capacity to randomly or sequentially generate telephone numbers and to dial such numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class defined above.

69.   These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cellular phones of Plaintiff and the other members of the putative Class when its calls were made.

70.   Defendant has, therefore, violated Section 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cellular phones of Plaintiff and the other members of the putative Class without their prior express written consent.

71.   The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of

-19-

the above-cited provisions of 47 U.S.C. § 227.

72.  As a result of Defendant's negligent violations of 47 U.S.C. § 227, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

73.  At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

74.  Defendant knew that it did not have prior express consent to make these calls and knew or should have known that its conduct violated the TCPA.

75.  Because Defendant knew or should have known that Plaintiff and Class Members did not give prior express consent to receive autodialed calls, the Court should treble the amount of statutory damages available to Plaintiff and members of the Putative Class pursuant to Section 227(b)(3)(C).

76.  As a result of Defendant knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

77.  Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against Defendant, Linc, individually and jointly, as set forth in the Prayer for Relief below.

**COUNT III**
**VIOLATION OF THE TCPA**
**47 U.S.C. § 227**
**On Behalf of Plaintiff and the Do Not Call Registry Class**
**(Against Swimoutlet)**

78.  Plaintiff incorporate by reference all of the allegations contained in paragraphs 1 through 51 of this Complaint as though fully stated herein.

79.  The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on

1    the national do-not-call registry of persons who do not wish to receive telephone

2    solicitations that is maintained by the federal government."

3    80.    47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are

4    applicable to any person or entity making telephone solicitations or telemarketing

5    calls to wireless telephone numbers."[2]

6    81.    47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall

7    initiate any call for telemarketing purposes to a residential telephone subscriber

8    unless such person or entity has instituted procedures for maintaining a list of

9    persons who request not to receive telemarketing calls made by or on behalf of that

10   person or entity."

11   82.    Any "person who has received more than one telephone call within any

12   12-month period by or on behalf of the same entity in violation of the regulations

13   prescribed under this subsection may" may bring a private action based on a

14   violation of said regulations, which were promulgated to protect telephone

15   subscribers' privacy rights to avoid receiving telephone solicitations to which they

16   object.  47 U.S.C. § 227(c).

17   83.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to

18   be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the

19   Do Not Call Registry Class members who registered their respective telephone

20   numbers on the National Do Not Call Registry, a listing of persons who do not wish

21   to receive telephone solicitations that is maintained by the federal government.

22   84.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do

23   Not Call Registry Class received more than one telephone call in a 12-month period

24   made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described

25   above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not

26   Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c),

27
28

[2] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

1  are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47

2  C.F.R. § 64.1200.

3      85.    To the extent Defendant's misconduct is determined to be willful and

4  knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of

5  statutory damages recoverable by the members of the Do Not Call Registry Class.

6      WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the

7  Class relief against Defendant, Swimoutlet, individually and jointly, as set forth in

8  the Prayer for Relief below.

### COUNT IV
### VIOLATION OF THE TCPA
### 47 U.S.C. § 227
### On Behalf of Plaintiff and the Do Not Call Registry Class
### (Against Linc)

12     86.    Plaintiff incorporate by reference all of the allegations contained in

13 paragraphs 1 through 51 of this Complaint as though fully stated herein.

14     87.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c),

15 provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a]

16 residential telephone subscriber who has registered his or her telephone number on

17 the national do-not-call registry of persons who do not wish to receive telephone

18 solicitations that is maintained by the federal government."

19     88.    47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are

20 applicable to any person or entity making telephone solicitations or telemarketing

21 calls to wireless telephone numbers."[3]

22     89.    47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall

23 initiate any call for telemarketing purposes to a residential telephone subscriber

24 unless such person or entity has instituted procedures for maintaining a list of

25 persons who request not to receive telemarketing calls made by or on behalf of that

26 person or entity."

27
28
---
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

-22-

90.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

91.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

92.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

93.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class relief against Defendant, Linc, individually and jointly, as set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and in favor of the class, against Defendants for:

-23-

a. An order certifying this case as a class action, certifying Plaintiff as representative of the Class, and designating Plaintiff's counsel as Class counsel;

b. Statutory damages of $500 per call in violation of the TCPA;

c. Willful damages at $1,500 per call in violation of the TCPA;

d. A declaration that Defendants' practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii);

e. An injunction prohibiting Defendants from using an automatic telephone dialing system to call numbers assigned to cellular telephones without the prior express written consent of the called party;

f. Reasonable attorney's fees and costs; and

g. Such further and other relief as this Court deems reasonable and just.

### **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

DATED:  July 16, 2020              EDWARDS POTTINGER LLC

By: */s/ Seth M. Lehrman*
Seth M. Lehrman

Joshua H. Eggnatz (Fla. Bar No.: 0067926)
EGGNATZ|PASCUCCI

Jordan Richards (Fla. Bar No. 108372)
JORDAN RICHARDS, PLLC

Attorneys for Plaintiff
Matthew Riveles

-24-